**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EDGAR MOSQUERA** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Case No.:**    **25-CV-10433** |
| **vs.** | ) | |
| | ) | |
| **SERVIAMUSA, PLLC, COREY** | ) | |
| **KAUFFMAN and RAKIM JIHAAD.** | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

NOW COMES the PLAINTIFF, EDGAR MOSQUERA, by and through his attorney, FABIAN J. ROSATI, ESQ., and pursuant to this Complaint at Law, states the following against the above Defendants, to wit, SERVIAMUSA, PLLC, COREY KAUFFMAN and RAKIM JIHAAD.

**NATURE OF ACTION**

1.      This action is brought by Plaintiff against his employer Serviamusa, PLLC ("Serviam"), and individual supervisors, Rakim Jihaad ("Jihaad") and Corey Kauffman ("Kauffman"), for unlawful employment practices, including racial discrimination, hostile work environment, retaliation, and constructive discharge, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"), and 42 U.S.C. §1981 ("Section 1981"). Plaintiff also brings a state law claim for assault against Defendant Kauffman.

2.      Plaintiff was subjected to severe and pervasive racial harassment, including racial slurs and derogatory comments, by his supervisors. Whan Plaintiff engaged in protected activity, he was subjected to further verbal abuse and racial slurs. The hostile work environment became so intolerable that Plaintiff was forced to resign. Additionally, Plaintiff was physically assaulted by

1

Defendant Kauffman.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's Title VII and Section 1981 claims pursuant to 28 U.S.C. §§1331 and 1343, as these claims arise under federal law.

4.      This Court has supplemental jurisdiction over Plaintiff's state law claim for assault pursuant to 28 U.S.C. §1367, as this claim forms part of the same case or controversy as the federal claims.

5.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 (b) and (c), as the unlawful employment practices alleged herein occurred within this judicial district.

6.      Plaintiff has satisfied all conditions precedent to filing this action, including filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receiving a Notice of Right to Sue on June 2, 2025, and this action is filed within 90 days of its receipt. Please *see* Exhibit 1.

## PARTIES

7.      PLAINTIFF is a resident of the State of Illinois and of the United States.  PLAINTIFF is an 64-year-old Hispanic American male originally from Ecuador and former employee of Defendant Serviamusa, PLLC.

8.      DEFENDANT Serviamusa, PLLC ("Serviam") is a foreign professional limited liability company organized under the laws of the State of Delaware and authorized to conduct business in the State of Illinois with its principal office of 307 N. Michigan Ave., Ste., 1201, Chicago, IL 60601. Serviam is a private security company and "employer" within the meaning of Title VII.

9.      DEFENDANT Corey Kauffman is an individual, who at all times relevant hereto, was employed by Serviam and served as a supervisor to Plaintiff.

2

10.     DEFENDANT Rakim Jihaad is an individual, who at all times relevant hereto, was employed by Serviam and served as a supervisor to Plaintiff.

## BACKGROUND FACTS

11. Plaintiff and Defendant Serviamusa, PLLC ("Serviam") entered into a contract wherein Plaintiff would lease his private security contractor license ("PSCL") to Serviam for a period of time until Serviam obtained its own PSCL.

12. In exchange Serviam paid Plaintiff approximately $80,000.00.

13. The parties also agreed that Plaintiff would be a salaried employee of Serviam at $60,000.00 annually. In exchange Plaintiff would maintain Serviam's compliance records and train Serviam employees with the goal of ultimately issuing the individual employee with a firearms control card ("FCC") so that they could perform private security for Serviam's private security contracts with various third parties.

14. During numerous occasions Plaintiff advised all Defendants that certain employees of Serviam were not in his professional opinion qualified to undergo the type of advanced firearms training necessary to receive FCC certification.

15. On or about August 15, 2023, when Plaintiff advised Defendants Jihaad and Kauffman that in his professional opinion certain employees were not qualified or fit to receive advanced training to attain FCC credentials both Jihaad and Kauffman began shouting profanities at Plaintiff and called him a "nigger". Defendant Jihaad then told Plaintiff that "if you don't like it go back to Ecuador, this is America".

16. On or about April 15, 2024, Plaintiff questioned Defendant Kauffman about his role in a Serviam contract wherein Kauffman called Plaintiff an "overly religious stupid nigger" knowing Plaintiff to be a devout Christian.

3

17. In August of Defendant Kauffman informed Plaintiff that a new individual was hired to work for Serviam in a sales capacity. However, later Plaintiff was told by Kauffman that Plaintiff was expected to issue the new employee an FCC to enable the employee to act as an armed security officer. When Plaintiff advised Serviam management including all Defendants named herein that the individual was not qualified to train for or receive an FCC Defendant Kauffman started swearing profanities and called Plaintiff a "spic" and demanded that Plaintiff "start to follow orders".

18. Notwithstanding, the subject employee showed up at a firing range on August 15, 2024, where Plaintiff was conducting an advanced training session with other fit and qualified individuals. The employee advised Plaintiff that Plaintiff was directed by Defendants Jihaad and Kauffman to provide advanced training to him for FCC certification. Plaintiff refused to train the employee as he was determined by Plaintiff to be unqualified and unfit for such a certification.

19. On August 16, 2024, an emergency meeting was held by Serviam management including Defendants Jihaad and Kauffman. At the meeting all Defendants began verballing abusing Plaintiff shouting profanities and because he refused to provide advanced FCC training to the new employee. Defendant Kauffman then stood up lunged at Plaintiff while Plaintiff was seated at the conference table and attempted to physically strike Plaintiff in the head with his hand, Plaintiff leaned back to avoid the blow and put his hands up to cover his face and head whereupon Defendant Kauffman's hand struck Plaintiff in the hand. The blow was generated with such force that the ring on Defendant Kauffman's hand used to administer the blow flew off his finger. Kauffman then told Plaintiff, "your religion can't save you here".

20. Thereafter, a criminal charge for battery was made against Kauffman in Cook County Circuit Court. After an August 2025 bench trial the judge found Defendant

Kauffman guilty of battery pursuant to 720 ILCS/5.0/12-3-A-2 "[i]n that without legal justification, knowingly and intentionally made physical contact with Edgar Mosquera in that he attempted to slap Edgar Mosquera in the face and missed his face and struck his hand".

21. Despite Plaintiff's complaints and the egregious nature of the conduct, Serviam failed to take prompt and effective remedial action to stop the harassment.

22. The working conditions became so intolerable due to the continuous racial harassment, retaliation, and physical assault that Plaintiff, as a reasonable employee, was forced to resign from his employment shortly after the August 16, 2024, emergency meeting.

## COUNT I
## RACE DISCRIMINATION (TITLE VII)
## AGAINST SERVIAM

23. Each paragraph of this Complaint is incorporated as if restated fully herein.

24. Defendant Serviam is an employer within the meaning of Title VII.

25. Plaintiff is a member of a protected class as he is Hispanic and originally from Ecuador.

26. Defendant Serviam discriminated against Plaintiff with respect to the terms, conditions, and privileges of his employment because of his race, color, and/or national origin, in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

27. The discriminatory actions include, but are not limited to, subjecting Plaintiff to a hostile work environment, verbal abuse, racial slurs, and ultimately forcing his constructive discharge. These actions constitute adverse employment actions.

28. Defendant Serviam's actions were intentional and malicious, or showed a reckless indifference to Plaintiff's federally protected rights.

## COUNT II
## HOSTILE WORK ENVIRONMENT (TITLE VII)
## AGAINST SERVIAM

5

29. Each paragraph of this Complaint is incorporated as if restated fully herein.

30. Plaintiff was subjected to unwelcome harassment based on his race, color, and/or national origin.

31. The harassment included repeated racial slurs such as "nigger" and "spic," and comments like "go back to Ecuador," made by his supervisors, Defendants Jihaad and Kauffman.

32. The harassment was severe or pervasive, as it was frequent, included physically threatening conduct (assault), and humiliating remarks, which unreasonably interfered with Plaintiff's work performance and altered the conditions of his employment, creating an objectively hostile and abusive working environment.

33. Defendant Serviam is liable for the hostile work environment created by its supervisors, Defendants Jihaad and Kauffman.

34. Defendant Serviam's actions were intentional and malicious, or showed reckless indifference to Plaintiff's federally protected rights.

## COUNT III
## RETALIATION (TITLE VII)
## AGAINST SERVIAM

35. Each paragraph of this Complaint is incorporated as if restated fully herein.

36. Plaintiff engaged in statutorily protected activity when he refused to train unqualified employees for FCC certification and/or complained about the discriminatory conduct.

37. Following Plaintiff's protected activity, Defendant Serviam, through its supervisors, subjected Plaintiff to materially adverse employment actions, including verbal abuse, racial slurs, and the creation of an intolerable work environment that led to his constructive discharge.

38. A causal connection exists between Plaintiff's protected activity and the adverse employment actions he suffered.

6

39. Defendant Serviam's actions were intentional and malicious, or showed a reckless indifference to Plaintiff's federally protected rights.

## COUNT IV
## HOSTILE WORK ENVIRONMENT (TITLE VII)
## AGAINST SERVIAM

40. Each paragraph of this Complaint is incorporated as if restated fully herein.

41. The working conditions at Defendant Serviam became so intolerable due to the severe and pervasive racial harassment, discrimination, and retaliation that a reasonable employee would have felt compelled to resign.

42. Plaintiff was forced to resign from his employment after the August 16, 2024, emergency meeting as a direct result of these unbearable working conditions, which constitutes a constructive discharge.

43. This constructive discharge constitutes an adverse employment action taken by Defendant Serviam against Plaintiff because of his race, color, and/or national origin, and in retaliation for his protected activities, in violation of Title VII.

44. Defendant Serviam's actions were intentional and malicious, or showed a reckless indifference to Plaintiff's federally protected rights.

## COUNT V
## RACE DISCRIMINATION
## AGAINST ALL DEFENDANTS

45. Each paragraph of this complaint is incorporated as if restated fully herein.

46. Defendants Serviam, Jihaad, and Kauffman, under color of law and/or through nongovernmental discrimination, impaired Plaintiff's right to make and enforce contracts, including the enjoyment of all benefits, privileges, terms, and conditions of his contractual

relationship, on the basis of his race, color, and/or national origin, in violation of 42 U.S.C. §1981.

47. The discriminatory actions include, but are not limited to, subjecting Plaintiff to racial slurs, a hostile work environment, verbal abuse, and ultimately forcing his constructive discharge.

48. Defendants' actions were intentional and malicious, or showed a reckless indifference to Plaintiff's federally protected rights.

**COUNT VI**
**ASSAULT (STATE LAW)**
**AGAINST DEFENDANT KAUFFMAN**

49. Each paragraph of this Complaint is incorporated as if restated fully herein.

50. On or about August 16, 2024, Defendant Kauffman intentionally attempted to cause a harmful or offensive contact with Plaintiff, and/or intentionally caused Plaintiff to apprehend such a contact.

51. Specifically, Defendant Kauffman attempted to physically strike Plaintiff, resulting is a blow to Plaintiff's hand.

52. Defendant Kauffman's actions caused Plaintiff to suffer physical injury, pain, and emotional distress.

53. As a direct and proximate result of Defendant Kauffman's assault, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment agains Defendants and grant the following relief:

1. A declaration that Defendants' actions violated Title VII and 42 U.S.C. § 1981.

2. Compensatory damages for all pecuniary losses, including lost wages, benefits, and other employment-related compensation;

8

3. Compensatory damages for emotional distress, pain, suffering, and humiliation;

4. Punitive damages against Defendants for their malicious, willful, and reckless disregard of Plaintiff's federally protected rights;

5. Pre-judgment and post-judgment interest as allowed by law;

6. Attorney's fees and costs of this action; and

7. Such other and further relief as this Court deems just and proper.

**<u>JURY DEMAND</u>**

PLAINTIFF demands a trial by jury on all issues so triable.

EDGAR MOSQUERA

By: _*Fabian Rosati*_
Fabian Rosati
*Attorney for Plaintiff*



EXHIBIT 1

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/02/2025

To: Mr. Edgar R. Mosquera
1114 Lawrence Drive Suite 150
MUNDELEIN, IL 60060
Charge No: 440-2025-03264

EEOC Representative and email:   GRZEGORZ MUCHA
Investigator
grzegorz.mucha@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2025-03264.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
06/02/2025
Amrith Kaur Aakre
District Director

Cc:
Doug Grane
307 N MICHIGAN AVE STE 1201
Chicago, IL 60601

JAMAL E JACKSON
GC Legal Services LLC
1124 Dobson St
Evanston, IL 60202

NA NA
Serviamusa PLLC
307 N MICHIGAN AVE STE 1201
CHICAGO, IL 60601

Fabian Rosati
Law Offices of Fabian Rosati
111 W. Washington, Suite 1611
Chicago, IL 60601

